UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NATHAN WOHLRABE,

    Plaintiff,

v.                                           Case No. 24-cv-1321-bhl

DANIEL MIELRICKI,
MATTHEW LONDON,
MARK KOSTIC,
JAMES MCLAIN,
ANDREA ANTON,
CHARLES BROWNE, and
MARTIN RUNGE,

    Defendants.

## SCREENING ORDER

Plaintiff Nathan Wohlrabe, who is currently in custody at the Mendota Mental Health Institute and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On October 21, 2024, Wohlrabe paid the $405 civil case filing fee. The Court will screen the complaint as required by 28 U.S.C. §1915A.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a

cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

According to Wohlrabe, on June 10, 2022, emergency room medical staff at the Clement J. Zablocki Veterans Affairs Medical Center misdiagnosed him with a panic attack when he was actually experiencing pulseless ventricular tachycardia. He also asserts that hospital staff should not have discharged him the next day into the custody of the Milwaukee County Jail. Finally, Wohlrabe alleges that Defendant Officer Charles Browne failed to effectively communicate with and administer aid to Wohlrabe during his medical crisis, which led to his false arrest. He also

2

asserts that Veterans Affairs police officers interfered with his medical treatment and failed to acknowledge his diminished condition. Dkt. No. 1.

## THE COURT'S ANALYSIS

Wohlrabe's complaint fails to state a claim for several reasons. First, §1983 requires that an individual be personally involved in the alleged constitutional violation. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). This means that a plaintiff must include allegations that connect the person he is suing to the alleged misconduct. *Id*. Wohlrabe's allegations reference medical staff and Veterans Affairs officers generally, but, apart from Charles Browne, they do not clarify what each person he sues did or did not do to violate his rights. Accordingly, the Court cannot reasonably infer that the people who appear only in the caption of his complaint violated his constitutional rights.

Second, the complaint does not include enough factual matter to raise Wohlrabe's right to relief above the speculative level. The complaint is long on accusations and legal conclusions but short on facts describing what each person did or did not do. For example, Wohlrabe alleges that Browne failed to administer aid to him during a medical crisis, but he does not explain what his medical crisis was, where it happened, when it happened, what Browne did or did not do in response, or how Browne's actions impacted him. Similarly, he asserts that Veterans Affairs officers interfered in his medical treatment, but, again, he fails to describe who interfered, what that person did, and how that person's actions impacted him. Under Fed. R. Civ. P. 8, a complaint must give each person sued notice of the basis of the claims brought against him/her. Wohlrabe's complaint fails to do that, and so it fails to state a claim.

Finally, Wohlrabe alleges that medical staff committed medical malpractice when they misdiagnosed his serious health condition as a panic attack and released him into the custody of the jail. But medical malpractice is a state law claim, and the Supreme Court held long ago that

3

Case 2:24-cv-01321-BHL    Filed 11/04/24    Page 3 of 5    Document 5

"[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Accordingly, if Wohlrabe wants to pursue medical malpractice claims, he must do so in state court, not this Court.

The Seventh Circuit has explained that the norm is to afford a plaintiff at least one opportunity to amend his complaint. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). Accordingly, if Wohlrabe believes he can cure the deficiencies identified in this decision, he may file an amended complaint by **December 2, 2024**. If Wohlrabe decides to file an amended complaint, he should draft the amended complaint as if he is telling a story to someone who knows nothing about his situation. This means that he should explain: (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who was involved (4) what that person did or did not do; and (5) how that person's actions impacted him. Wohlrabe should set forth his allegations in short and plain statements, and he should ensure that his amended complaint can be understood by someone who is not familiar with the facts of his case.

Wohlrabe is advised that an amended complaint will replace the original complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received by the deadline, the Court will screen it as required by 28 U.S.C. §1915A. If an amended complaint is not received, the Court will dismiss this action based on Wohlrabe's failure to state a claim in his original complaint. If Wohlrabe does not believe he can cure the deficiencies identified in this decision, he does not have to do anything further.

**IT IS THEREFORE ORDERED** that, on or before **December 2, 2024**, Wohlrabe may file an amended complaint curing the defects in the original complaint as described in this decision. If Wohlrabe is unable to cure the deficiencies, he need not take any further action.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Wohlrabe a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order. Wohlrabe must use the provided form if he chooses to prepare an amended complaint.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Wohlrabe is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on November 4, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge