UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

───────────────────────────────────────────────

NATHAN WOHLRABE,

        Plaintiff,

    v.                                        Case No. 24-cv-1321-bhl

CHARLES BROWN,

        Defendant.

───────────────────────────────────────────────

**DECISION AND ORDER**

───────────────────────────────────────────────

      Plaintiff Nathan Wohlrabe is representing himself in this 42 U.S.C. §1983 action. On April 7, 2023, a state court found him guilty of battery to a law enforcement officer under Wis. Stat. §940.203(2) but adjudicated him not guilty due to mental disease/defect. Wohlrabe is currently confined at Mendota Mental Health Institute pursuant to a commitment order for a period of three years. *See State of Wisconsin v. Wohlrabe*, Milwaukee County Case No. 2022CF3428, *available at* wcca.wicourts.gov. On November 22, 2024, the Court screened Wohlrabe's amended complaint and allowed him to proceed on Fourth Amendment claims against the officer he was convicted of battering. Specifically, the Court concluded that Wohlrabe stated claims based on allegations that he was arrested without probable cause and that he was denied assistance while in the middle of a medical crisis. *See* Dkt. No. 7.

      Brown filed a motion to dismiss on February 4, 2025. Dkt. No. 25. In the weeks that followed, Wohlrabe has filed multiple briefs in response to the motion to dismiss along with nine separate motions of his own.[1] For the reasons that follow, the Court will grant Brown's motion to

───────────────────────────────────────────────

[1] Wohlrabe also filed a notice of appeal of the Court's order striking various filings that are irrelevant to the issues in this case. *See* Dkt. No. 36. The Court struck filings containing Wohlrabe's design ideas, including a design

dismiss as to Wohlrabe's false arrest claim, convert his motion to dismiss concerning Brown's response to Wohlrabe's medical crises into a motion for summary judgment, and grant that motion. Wohlrabe's case will therefore be dismissed.

## BACKGROUND

On November 18, 2024, Wohlrabe filed an amended complaint in which he sued Defendant Charles Brown, who worked as a security officer at the Veterans Affairs Medical Center. According to Wohlrabe, his wife had taken him to the hospital because he was feeling dizzy, short of breath, and fatigued. Wohlrabe asserts that, after not being properly treated, he felt desperate, so he left his hospital room and ran into the hospital lobby, where Brown was standing. Wohlrabe alleges that he was near delirium when he ran back to the nurses' station to avoid a conflict. Brown allegedly followed Wohlrabe. Upon noticing that Brown had followed him, Wohlrabe allegedly cried out for help, but Brown did not render aid or seek to find a peaceful resolution. Wohlrabe's allegations are vague about what happened next, but he asserts that Brown arrested him without cause. On November 22, 2024, the Court screened the amended complaint and allowed Wohlrabe to proceed on Fourth Amendment claims against Brown. Dkt. Nos. 6, 7.

On February 4, 2025, Brown filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6), arguing that this action must be dismissed because: (1) Wohlrabe's claims are barred by *Heck v. Humphrey* and (2) his allegations are contradicted by video evidence. Dkt. No. 26.

---

to help solve the California water crisis. Dkt. No. 27. While the filing of a notice of appeal ordinarily deprives a district court of jurisdiction, that is not the case if a party files a frivolous interlocutory appeal. *See Apostol v. Gallion,* 870 F.3d 1335, 1339 (7th Cir.1989); *see also Wisconsin Mut. Ins. Co. v. United States,* 441 F.3d 502, 504 (7th Cir.2006) ("appeal taken from an interlocutory decision does not prevent the district court from finishing its work and rendering a final decision"). Because the Court certifies that Wohlrabe's interlocutory appeal is frivolous, it may render a final decision on the merits of this case.

2

**LEGAL STANDARD**

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. *Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 825 (7th Cir. 2015). To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In assessing a motion to dismiss, a court draws all reasonable inferences and facts in favor of the nonmovant but need not accept as true any legal assertions. *Vesely v. Armslist LLC*, 762 F.3d 661, 664–65 (7th Cir. 2014). "[A] court may consider, in addition to the allegations set forth in the complaint itself, documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013) (citations omitted).

**ANALYSIS**

1. **Wohlrabe's Fourth Amendment claim that he was arrested without probable cause is barred by *Heck v. Humphrey*, but his claim that Brown acted unreasonably while arresting him is not.**

Brown first argues that "a claim for damages that bears a relationship to a conviction or sentence that has not been invalidated is not cognizable under 42 U.S.C. §1983 . . . ." Dkt. No. 26 at 4. Brown correctly notes that, the Supreme Court held long ago that if a judgment in favor of a plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff can demonstrate that his conviction has already been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). By way of example, the Supreme Court explained that "a state defendant [who] is convicted of and sentenced for the crime of

3

resisting arrest" could not "bring[] a § 1983 action against the arresting officer, seeking damages for violation of his Fourth Amendment right to be free from unreasonable seizures," because in order to prevail, "he would have to negate an element of the offense of which he ha[d] been convicted." *Id.* at 487, n. 6.

Here, Wohlrabe was found guilty but not guilty due to mental disease of Wis. Stat. §940.203(2), which prohibits causing bodily harm to a law enforcement officer in response to any action by the law enforcement officer and without the law enforcement officer's consent. In order to prevail on his Fourth Amendment claim that Brown arrested him without cause following Wohlrabe's assault of Brown, Wohlrabe would have to show that he did *not* cause bodily harm to Brown in response to Brown's actions as a security officer. Because such a showing would "negate an element of the offense of which he had been convicted," Wohlrabe's successful prosecution in this §1983 action would necessarily imply that he was wrongfully convicted of violating Wis. Stat. §940.203(2). As such, under *Heck*, Wohlrabe cannot pursue a claim for damages based on allegations of being falsely arrested until his conviction is set aside or invalidated. *Heck*, 512 U.S. at 486–87.

*Heck* does not, however, bar Wohlrabe's claim that Brown acted unreasonably in response to Wohlrabe's alleged medical crisis. According to Wohlrabe, he was in a state of panic and crying out for help, cries that Brown ignored. Wohlrabe asserts that Brown followed him through the hospital, refused to render aid, and acted aggressively toward him. As the Court explained in the screening order, under the Fourth Amendment, Courts must assess whether an officer's actions are "objectively reasonable in light of the facts and circumstances confronting [the officer]." *Graham v. Connor*, 490 U.S. 386, 397 (1989). Putting aside whether Brown had probable cause for the arrest, Wohlrabe also asserts that Brown acted unreasonably in the course of arresting him.

4

Wohlrabe's claim that Brown acted unreasonably during their interactions would not undermine or invalidate his conviction, so *Heck* does not bar this claim. *See, e.g., Evans v. Poskon*, 603 F.3d 362, 363-64 (7th Cir. 2010).

**2. Video of Wohlrabe's interaction with Brown conclusively shows that Wohlrabe's allegations that Brown acted unreasonably are meritless.**

In support of his motion to dismiss, Brown filed a video of the incident at issue. Importantly, the video was not attached to or referenced in Wohlrabe's amended complaint. Accordingly, the Court cannot consider the video to be part of that pleading. *See* Fed. R. Civ. P. 10(c). Ordinarily, courts may not rely on materials outside the pleadings when considering a motion to dismiss for failure to state a claim. Rule 12(d) instructs that if matters outside the pleadings are presented in connection with a Rule 12(b)(6) motion to dismiss,, the motion must be treated as one for summary judgment under Fed. R. Civ. P. 56. In addition, all parties must be given a reasonable opportunity to present all material that is pertinent to the motion.

The Court will therefore convert Brown's motion to dismiss to a motion for summary judgment for purposes of resolving Wohlrabe's claim that Brown acted unreasonably in the course of arresting him. Under this posture, summary judgment on Wohlrabe's claims would be appropriate only if Brown shows that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). All reasonable inferences are construed in favor of Wohlrabe as the nonmoving party. *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id*.

With regard to Wohlrabe having an opportunity to present all material that is pertinent to the motion, the Court notes that Wohlrabe has had ample opportunity to respond to the arguments raised in Brown's motion. Indeed, he has taken advantage of that opportunity. Over the course of two weeks, Wohlrabe filed hundreds of pages, including copies of filings he submitted in his criminal case, a motion to stay judgment, a motion for order for relief, a motion for summary judgment, a petition to review agency, a motion for preliminary injunction, and a motion to compel (even though discovery is not yet open). He also filed a brief in response to Brown's motion to dismiss. Relevant to the video, Wohlrabe states only that he did not see the video until December 2024 and that he challenges the location, depth perception, and timing of the video. Dkt. No. 30 at 3. Wohlrabe does not explain why it matters that he only recently viewed the video, nor does he explain why the location, depth perception, and timing of the video are problematic.

The Seventh Circuit has recently explained that video evidence "can eviscerate a factual dispute only when the video is so definitive that there could be no reasonable disagreement about what the video depicts." *Kailin v. Village of Gurnee*, 77 F.4th 476, 481 (7th Cir. 2023). The video filed by Brown in this case satisfies that standard. The video establishes that, contrary to Wohlrabe's allegations, Brown acted reasonably during his interactions with Wohlrabe. The video shows Wohlrabe walking into the lobby of the hospital, wearing ill-fitting pants but no shirt, socks, or shoes. He appears agitated and is being followed by medical staff making efforts to guide him back into the hospital, presumably to his room. Brown slowly wanders toward Wohlrabe. He makes no sudden moves, and his demeanor is passive. Wohlrabe abruptly turns after seeing Brown and walks back to the main part of the hospital. Wohlrabe walks past a nurses' station, still agitated. Hospital staff continue their efforts to guide Wohlrabe down a hall and at this point Brown again walks into view. Brown slowly raises his arm to guide Wohlrabe in the direction

hospital staff want him to move. At this time, Brown is standing still, about ten feet from Wohlrabe; he makes no sudden movements, and his posture and stance are passive. Wohlrabe then quickly closes the distance between him and attacks Brown. With a full wind up of his arm, he repeatedly punches Brown in the head. Brown tries to protect his head and falls to the ground, and Wohlrabe moves on top of him while continuing to punch him. Wohlrabe lands many blows before adequate hospital staff arrive to stop the unprovoked assault. *See* Dkt. No. 28 (video on a flash drive stored in the clerk's office).

The video leaves no room for interpretation by a fact finder and utterly discredits Wohlrabe's version of what happened. *See Kailin*, 77 F.4th at 481. Given the totality of the circumstances confronting Brown, no jury could reasonably conclude that Brown acted unreasonably during his interactions with Wohlrabe. Contrary to Wohlrabe's allegations, Brown made only passive efforts to assist medical staff in directing Wohlrabe back to his hospital room. Brown did nothing to provoke Wohlrabe's abrupt and violent assault, and there is no reasonable suggestion in the video that Wohlrabe needed emergency medical attention. Indeed, the video is clear that Wohlrabe resisted medical staff's efforts to assist him by directing him back to his room. Brown is therefore entitled to summary judgment on Wohlrabe's claim that Brown acted unreasonably during his interactions with Wohlrabe.

**IT IS THEREFORE ORDERED** that Defendant's motion to dismiss (Dkt. No. 25) is **GRANTED** with respect to Wohlrabe's claim that he was arrested without probable cause. That claim is **DISMISSED without prejudice** because it is barred by *Heck v. Humphrey*.

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss is converted to a motion for summary judgment as to Wohlrabe's claim that Defendant acted unreasonably in the course of

the arrest.  Defendant's motion for summary judgment as to that claim is **GRANTED** and that claim is **DISMISSED**.  The Clerk of Court is directed to enter judgment accordingly.

The Court **CERTIFIES** that Wohlrabe's interlocutory appeal of the Court's decision striking irrelevant filings (Dkt. No. 36) is frivolous.

**IT IS FURTHER ORDERED** that all remaining motions shall be terminated in light of this action being dismissed.

Dated at Milwaukee, Wisconsin on March 13, 2025.

s/ *Brett H. Ludwig*  
BRETT H. LUDWIG  
United States District Judge